# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>*Plaintiff,*<br><br>v.<br><br>BARLEY N HOPS, LLC dba LAURY'S STATION BEVERAGE,<br>*Defendant.* | CIVIL ACTION<br>NO. 19-2327 |

## ORDER

AND NOW, this 12th day of February, 2020, it is **ORDERED** that Plaintiff United States of America shall, on or before **Wednesday, February 26, 2020**, provide the Court with sufficient information to allow it to determine whether Defendant Barley N Hops, LLC dba Laury's Station Beverage has been properly served under Rule 4 of the Federal Rules of Civil Procedure.[1]

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[1] Plaintiff has moved for a default judgment against Defendant. (ECF No. 6.) "It is an elementary requirement that personal jurisdiction must be established in every case before a court has power to render any judgment." *Lampe v. Xouth, Inc.*, 952 F.2d 697, 700 (3d Cir. 1991). The Court cannot assume it has properly acquired personal jurisdiction. *Id.* at 701. Rather, the Court must ensure that Plaintiff has served Defendant in compliance with Federal Rule of Civil Procedure 4. On the present record, the Court is unable to make this determination.

Plaintiff's affidavit of service states that a copy of the summons and Complaint were handed to Michael Gilmore at "765 SOUGH NORTHAMPTON STREET BANGOR PA 18013." (ECF No. 4 at 1.) However, the Complaint does not identify Mr. Gilmore's relationship to Defendant and does not list the above address as Defendant's address. (Compl., ECF No. 1.) Further, when Plaintiff sought additional time to serve Defendant, Plaintiff did not identify Mr. Gilmore or his relationship to Defendant or list the above-referenced address as an alternative address for Defendant. (ECF No. 2 (identifying an alternative address in Colorado).) Additional information is required to permit the Court to conclude that service of the Complaint complied with Rule 4.